SPARTAN REALTY COMPANY, complainant,

*v.*

MIRIAM ENGEL et al., defendants.

[Submitted June 28th, 1924.   Decided July 7th, 1924.]

**Mortgages—Equitable—Vendor's Lien—First Mortgage Cover-
ing Additional Property—Payment Thereon by Original
Owner to Secure Release—Consent of Present Owner to
Transaction—Liability of Present Owner.**

On bill, &c.

*Mr. Ward Kremer,* for the complainant.

*Messrs. Insley, Vreeland & Decker,* for the defendants
Mrs. Engel and her husband.

*Mr. George Reynolds,* for the defendant Camden Safe De-
posit and Trust Company.

FOSTER, V. C.

About June 25th, 1920, complainant sold and conveyed to
the defendant Miriam Engel for $27,500 a certain hotel prop-
erty on the corner of Grand and Fifth avenues, in Asbury
Park, in this state.

This conveyance was made subject to a first mortgage for
$15,000, made by the defendants Henry W. Denton and wife
to the defendant Camden Safe Deposit and Trust Company,
and dated April 1st, 1920.  By the terms of this mortgage
annual installments of $500 each were to be paid for five
years from its date, and interest was to be paid at the rate of
five and one-half per cent.  Mrs. Engel and husband, under
date of July 10th, 1920, gave their bond and mortgage to

complainant for $12,500, in payment of the balance of the purchase price.

The first mortgage held by the Safe Deposit and Trust Company covered, in addition to the property conveyed to Mrs. Engel, other property belonging to complainant.

This additional property complainant later, in 1920, sold to one Hertsberg and, in order to convey the same freed and released from the first mortgage lien, complainant was obliged to pay the Safe Deposit and Trust Company $6,000 on account of the $15,000 mortgage.

In June or July, 1920, Frank L. Ferguson, who is in fact the owner of complainant company, informed Mr. and Mrs. Engel that he was obliged to pay this $6,000 in order to obtain the release of the first mortgage, and they consented that he should do so; and, as the trust company refused to grant the release without the Engels' consent, this consent was given by the Engels joining in the execution of the release.

By the $6,000 payment made by complainant, and by installments aggregating $1,500, paid by Mrs. Engel, the amount due on the mortgage held by the Safe Deposit and Trust Company has now been reduced to $7,500, with interest to be added.

These facts are not disputed by the Engels, except that they claim the payment of $6,000 made by complainant to the trust company was a voluntary one, made solely for complainant's benefit, in order to enable it to make an advantageous and profitable sale of its lot to Hertsberg, and that complainant is therefore not entitled to the relief it seeks, to have this $6,000 made a lien upon this hotel property as part of, or in place of part of, the $15,000 mortgage.

From what has been said, it is apparent that the complainant and the Engels in July, 1920, agreed that the hotel property conveyed by complainant to Mrs. Engel was worth $27,-500. That this amount was to be paid by them by the conveyance to them being made subject to the first mortgage of $15,000 and by their second mortgage of $12,500 to com-

plainant, and while it is true that there is no agreement of assumption of the first mortgage, and also that there is no agreement on the part of Mrs. Engel to pay the principal of the first mortgage beyond the five annual installments of $500 each, together with interest thereon, yet it clearly appears that she agreed to pay in some form $27,500 as the purchase price of the hotel property. To allow her present contention to stand, that complainant should lose the benefit of the $6,000 paid on account of the first mortgage, would, in effect, reduce the purchase price of the property to $21,500, and would give Mrs. Engel the benefit of this $6,000, to which she is not entitled. It is, under the circumstances, impossible to grant the complainant the relief it seeks for the reformation of the mortgage. Under the amended pleadings complainant can, however, have a vendor's lien or an equitable mortgage, upon the premises conveyed to Mrs. Engel, to secure the payment of the sum of $6,000, with interest at the rate and upon the terms and conditions stated in the mortgage to the trust company. And this vendor's lien, or equitable mortgage for $6,000, will take the place of and be entitled to all the rights and subject to the like defenses as was the $6,000 paid by complainant to the trust company. But this lien or mortgage will, of course, be subject to the prior lien of the Safe Deposit and Trust Company's mortgage for the balance due of $7,500, and interest.